## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| **BOARD OF TRUSTEES OF THE** ) | **CASE NO.  3:21-CV-300** |
| **SOUTHERN OHIO PAINTERS HEALTH** ) | |
| **& WELFARE TRUST FUND** ) | |
| **1200 E. Second St.** ) | **JUDGE** |
| **Dayton, Ohio 45403** ) | _____ |
| ) | |
| **Plaintiff** ) | |
| ) | |
| **vs.** ) | |
| ) | **COMPLAINT** |
| **SIXTH REGION REMODELING, LLC** ) | |
| **c/o Miguel H. Veliz-Becerra, Statutory** ) | |
| **Agent** ) | |
| **1468 Dove Dr.** ) | |
| **Columbus, Ohio 43219** ) | |
| ) | |
| **Defendant** ) | |

Now comes Plaintiff, Board of Trustees of the Southern Ohio Painters Health & Welfare

Fund (the "Fund"), by and through counsel, and for its Complaint against Defendant, states as

follows:

### JURISDICTION AND VENUE

Plaintiff brings this action under the provisions of §301 of the Labor Management

Relations Act of 1947, as amended (29 U.S.C. §185) and §§502(a)(3), (e) and (f) of the Employee

Retirement Income Security Act of 1974, as amended [29 U.S.C. §1132(a)(3), (e) and (f)].  Venue

is conferred upon this Court by 28 U.S.C. §s 1391(b) and (c) and 29 U.S.C. 1132(e)(2).

## BACKGROUND

1.      The Fund is a multiemployer welfare plan (as defined in §3(1) of ERISA, 29 U.S.C. §1002(1)) and employee benefit plan (as defined in §3(3) of ERISA, 29 U.S.C. §1002(3). The Fund is a jointly managed trust fund established under §302(c)(5) of the Labor-Management Relations Act, 29 USC §186 (c)(5) and is administered pursuant to a Restated Agreement and Declaration of Trust ("Trust Agreement"). The Fund has been created to provide welfare benefits to eligible participants and their beneficiaries. The Fund is funded by contributions from employers that are bound to collective bargaining agreement(s) with local unions affiliated with the International Union of Painters & Allied Trades ("IUPAT").

2.      The Trustees are fiduciaries under ERISA §3(21), 29 USC § 1002(21).

3.      The Fund is located at 1200 E. Second St., Dayton, Ohio 45403.

4.      Defendant Sixth Region Remodeling, LLC is an employer as defined in §3(5) of ERISA, 29 USC §1002(5), is a business organized under the laws of the State of Ohio, is engaged in the contracting business in the State of Ohio, and has a principal office located in Columbus, Ohio.

5.      Defendant has agreed to be bound by the terms contained within the collective bargaining agreement ("Collective Bargaining Agreement") attached hereto and incorporated herein as **Exhibit A**. The related trust agreement ("Trust Agreement") is attached hereto and incorporated herein by reference as **Exhibit B**.

6.      Pursuant to these Agreements, fringe benefit payments are required to be made, submitted, and paid to the Fund monthly. If said payments are not so received, the employer is deemed delinquent. Pursuant to §502(g) of ERISA, 29 USC §1132(g), liquidated damages are

calculated at the amount of twenty percent (20%) of the total amount of unpaid contributions, plus interest.

7.     Article II, Section 6 of the Trust Agreement provides:

…
In the event that an Employer fails to produce its books and records for audit and/or examination within ten (10) days after demand, the Trustees or their agents are permitted to compute the sum due for any month by adding ten percent (10%) to the number of hours for the month in which the largest number of hours were reported in the previous twelve fringe benefit reports submitted by the Employer. The total number of hours for the unreported period as determined by aforesaid shall be multiplied by the then current contribution rate and the amount of contributions so computed shall be binding on the Employer and shall be deemed the amount due from the Employer, together with interest, liquidated damages, attorney fees and costs for purposes of any legal proceeding.

## COUNT ONE

8.     Plaintiff incorporates Paragraphs One (1) through Seven (7) as if fully rewritten herein.

9.     Pursuant to the Trust Agreement, Plaintiff's representatives have the right to conduct, upon written notice, audits of Defendant's books and records with respect to hours worked by and wages paid to all employees for whom the Defendant is obligated to make contributions.

10.    Despite repeated requests by Plaintiff that Defendant submit to an audit for the period April 12, 2018 through December 31, 2020, Defendant has refused, and continues to refuse, to either submit to such audit and/or to arrange for such an audit.

11.    Plaintiff now seeks a full audit of Defendant's books and records to determine all amounts owed including, but not limited to, liquidated damages for delinquent fringe benefit payments, unpaid fringe benefit payments, and liquidated damages on those as yet unpaid fringe benefit payments.

**WHEREFORE**, Plaintiff prays for the following relief:

a.      Plaintiff requests the Court order Defendant to permit Plaintiff's representatives to audit Defendant's books and records for the period of April 12, 2018 through the present;

b.      Plaintiff demands judgment against Defendant for any sums which Defendant may become obligated to pay as discovered by the audit and/or that are incurred between the date of filing of this Complaint and the date of judgment, together with interest and liquidated damages;

c.      Plaintiff demands judgment against Defendant for the costs of this action, the audit, and all of Plaintiffs' reasonable attorney fees as provided for in the applicable collective bargaining agreements and 29 U.S.C. § 1132(g)(2); and

d.      Plaintiff requests the Court to grant such further relief as the Court deems just and equitable, including but not limited to any and all relief available under Section Article II, Section 6 of the Trust Agreement.

## <u>COUNT TWO</u>

12.     Plaintiffs incorporate Paragraphs One (1) through Eleven (11) as if fully rewritten herein.

13.     Pursuant to the Collective Bargaining Agreement (**Exhibit A**) and the Trust Agreement (**Exhibit B**), the SOPHW Trustees may order an audit of Defendant's books and records in order to determine whether Defendant is in compliance with its contribution obligation.

14.     Article II, Section 6 of the Trust Agreement provides that, in the event that an Employer fails to produce its books and records for audit and/or examination within ten (10) days after demand, the Trustees or their agents are permitted to compute the sum due for any month by

adding ten percent (10%) to the number of hours for the month in which the largest number of hours were reported in the previous twelve fringe benefit reports submitted by the Employer. The total number of hours for the unreported period as determined by aforesaid shall be multiplied by the then current contribution rate and the amount of contributions so computed shall be binding on the Employer and shall be deemed the amount due from the Employer, together with interest, liquidated damages, attorney fees and costs for purposes of any legal proceeding.

15.     Defendant has failed to respond or comply with the SOPHW's repeated requests that it submit to an audit by SOPHW's auditor.

16.     Pursuant to Article II, Section 6 of the Trust Agreement, Defendant is required to pay for any and all months in which contributions were unreported.

17.     Defendant has unreported hours in the months April 2018 through December 2019, January 2020, April 2020, May 2020 and October 2020 ("Unreported Period").

18.     In accordance with Article II, Section 6 of the Trust Agreement, the Trustees are permitted to collect $697,745.14 for the Unreported Period based on 4,592 hours reported in December 2020 by Defendants, multiplied by 10% and the then current contribution amount, plus interest, liquidated damages, attorney fees and costs associated herein.

**WHEREFORE**, for its Count Two, the SOPHW prays for judgment as follows:

a.      For an Order compelling Defendant comply with the terms of the Trust Agreement and the SOPHW's request for information necessary to complete the audit;

b.      For an Order directing Defendant to pay $697,745.14 in contributions pursuant to Article II, Section 6 of the Trust Agreement, plus costs, interest, attorney's fees and liquidated damages in an amount equal to twenty percent

(20%) of the delinquency pursuant to 29 U.S.C. §1132(g) and the Trust

Agreement;

c.     For such further relief as the Court may deem appropriate.

## PRAYER FOR RELIEF

A.     Plaintiff requests the Court order Defendant to permit Plaintiff's representatives to audit Defendant's books and records for the period of April 12, 2018 through the present;

B.     Plaintiff demands judgment against Defendant for any sums which Defendant may become obligated to pay as discovered by the audit and/or that are incurred between the date of filing of this Complaint and the date of judgment, together with interest and liquidated damages;

C.     Plaintiff demands judgment against Defendant for the costs of this action, the audit, and all of Plaintiffs' reasonable attorney fees as provided for in the applicable collective bargaining agreements and 29 U.S.C. § 1132(g)(2);

D.     Plaintiff demands Defendant pay $697,745.14 in contributions pursuant to Article II, Section 6 of the Trust Agreement, plus costs, interest, attorney's fees and liquidated damages in an amount equal to twenty percent (20%) of the delinquency pursuant to 29 U.S.C. §1132(g) and the Trust Agreement; and

E.      Plaintiff requests the Court to grant such further relief as the Court deems just and equitable.

Respectfully Submitted,

*s/ Timothy P. Piatt*
TIMOTHY P. PIATT (0080620)
Macala & Piatt, LLC
601 S. Main St.
North Canton, Ohio 44720
Phone: (330) 493-1570
Email: tppiatt@mgplaborlaw.com

Trial Attorney for Plaintiff

KATIE BURCH
Potts-Dupre, Hawkins & Kramer, Chtd.
900 7th St. NW, Suite 1020
Washington, DC 20001-3888
Phone: (202) 223-0888
Email: kburch@phk-law.com
*Motion for Admission Pro Hac Vice Pending*