UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

BOARD OF TRUSTEES OF THE
SOUTHERN OHIO PAINTERS
HEALTH & WELFARE FUND,

    Plaintiff,

vs.

SIXTH REGION REMODELING, LLC,

    Defendant.

Case No. 3:21-cv-300

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

_____

**ORDER: (1) GRANTING PLAINTIFF'S MOTION FOR A DEFAULT JUDGMENT (DOC. NO. 7); (2) AWARDING IT (A) $694,531.72 IN DAMAGES AND INTEREST AND (B) $3,213.42 IN REASONABLE ATTORNEY'S FEES AND COSTS; (3) ORDERING DEFENDANT, WITHIN 10 DAYS OF THE COURT'S ORDER, TO SUBMIT ITS FINANCIAL RECORDS TO PLAINTIFF FOR AN AUDIT; AND (4) TERMINATING THIS CASE ON THE DOCKET**
_____

    This civil case is before the Court on Plaintiff's motion for a default judgment. Doc. No. 7; Fed. R. Civ. P. 55. Plaintiff sues under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(g)(2)(E), and the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, to recover unpaid contributions from, and conduct an audit on, Defendant pursuant to the parties' collective-bargaining agreement. Doc. No. 1 at PageID 3–7; Doc. No. 1-3. Defendant has failed to answer Plaintiff's complaint or otherwise appear in this matter. Plaintiff has followed the steps described in Fed. R. Civ. P. 55 to obtain a default judgment. Therefore, the Court **GRANTS** Plaintiff's motion.

**I.**

    Plaintiff served Defendant with its complaint on November 12, 2021. Doc. No. 5 at PageID 1–2; Doc. No. 7 at PageID 80; Doc. No. 7-1 at PageID 82. Defendant had until December 3, 2021

to answer or move in response to Plaintiff's complaint. Doc. No. 7 at PageID 80. Defendant failed to do so and has otherwise not appeared in this matter. Doc No. 8 at PageID 97; *see* Fed. R. Civ. P. 12(a)(1)(A)(i).

The Clerk entered Defendant's default into the record on December 22, 2021. Doc. No. 8. "Once default is entered against a defendant that party is deemed to have admitted all of the well pleaded allegations in the complaint." *Ford Motor Co. v Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006) (citing *Visioneering Constr. v. U.S. Fidelity & Guaranty*, 661 F.2d 119, 124 (6th Cir. 1981)). Therefore, Defendant admits as true the facts in Plaintiff's complaint. Doc. No. 1 at PageID 3–6. However, the Court must still consider whether Plaintiff's allegations as admitted by Defendant state a claim for relief. *See, e.g.*, *Lucas v. Monitronics Int'l Inc.*, No. 1:17-cv-374, 2020 WL 6440255, at *1 (S.D. Ohio Nov. 3, 2020).

Plaintiff is a fiduciary of a benefit trust created and administered on behalf of members of local unions affiliated with the International Union of Painters and Associated Trades ("IUPAT"). Doc. No. 1 at PageID 2. The trust fund is administered through a Trust Agreement. Doc. No. 1-4 at PageID 29–68. Plaintiff is empowered by the Trust Agreement to "demand, collect, and receive Employer contributions to the trust fund." Doc. No. 1-4 at PageID 39–40.

Defendant and IUPAT are parties to a collective bargaining agreement ("CBA"). Doc 1-3 at PageID 11–28. The CBA requires Defendant to make contributions into a fringe benefit fund (the "Fund"). Doc. No. 1-3 at PageID 20. Defendant must "make such contributions in accordance with the terms and conditions of [the CBA]." 29 U.S.C. § 1145. Further, Plaintiff may require Defendant, upon request and within ten days, to submit its financial records for an audit. Doc. No. 1-4 at PageID 40. Plaintiff's complaint seeks to recoup certain delinquent unpaid contributions

from Defendant and asks this Court to order Defendant to submit its financial records for an audit by Plaintiff. Doc. No. 1 at PageID 6.

**II.**

Rule 55(b)(2) permits a court, at its discretion, to enter default judgment following an entry of default by the Clerk. The Sixth Circuit has held that a court should take into account the following factors when considering whether to enter default judgment: "(1) possible prejudice to the plaintiff; (2) the merits of the claims; (3) the sufficiency of the complaint; (4) the amount o of money at stake; (5) possible disputed material facts; (6) whether the default was due to excusable neglect; and (7) the preference for decision on the merits." *Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002). The Court must also demonstrate that it has personal jurisdiction over the defaulted defendant. *See, e.g.*, *Citizens Bank v. Parnes*, 376 F. App'x 496, 501 (6th Cir. 2010).

A party in default is considered to have admitted all material allegations in the complaint. Fed. R. Civ. P. 8(b)(6). Here, Defendant's admissions raise a plausible claim that Defendant is delinquent in its contributions to the Fund in violation of 29 U.S.C. § 1145 and the CBA. Doc. No. 1 at PageID 3–5. There is no indication in the record that Defendant's failure to respond was due to excusable neglect. As a result, Plaintiff is entitled to a default judgment as to Defendant's liability for failure to timely contribute to the Fund and to submit its financial records to Plaintiff for an audit. Doc. No. 1 at PageID 3–6.

The Court has subject matter pursuant to ERISA. 28 U.S.C. § 1331. ERISA provides that United States Districts Courts have exclusive jurisdiction, without regard to the amount in controversy or citizenship of the parties, to enforce the terms of the plan or address violations of 29 U.S.C. § 1145. *See* 29 U.S.C. §§ 1132(a), (e)(1), and (f).

A federal court has personal jurisdiction over a defendant that is properly served and "subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(1)(A). Proper service of a limited liability corporation ("LLC") may be affected by either serving an individual according to Fed. R. Civ. P. 4(e)(1) or "by delivering a copy of the summons and of the complaint to an . . . agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B).

Here, Plaintiff alleges that Defendant is "a business organized under the laws of the State of Ohio, . . . and has principal office located in Columbus, Ohio." Doc. No. 1 at PageID 2. Plaintiff served Defendant's statutory agent with a copy of the summons and complaint at his address of record. Doc. No. 5 at PageID 75–76; Doc. No. 7-1 at PageID 82–83. Therefore, Defendant was properly served under both Fed. R. Civ. P. 4(e)(1) and 4(h)(1).

Defendant is an LLC formed, headquartered, and operated in Ohio. Doc. No. 1 at PageID 2. LLCs are persons under Ohio law. Ohio Rev. Code § 2307.38. Hence, Plaintiff has demonstrated that the Court has general personal jurisdiction over Defendant, an Ohio-based LLC. Doc. No. 1 at PageID 2; *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012) ("[B]ecause defendants who reside in the forum state will always be subject to the personal jurisdiction of the court, [further] inquiry is in most cases restricted to non-resident defendants").

### III.

By failing to respond, Defendant admits that: (1) it violated the CBA by failing to make timely contributions to the Fund; and (2) it has breached the Trust Agreement's audit provision. Doc. No. 1 at PageID 3–6. However, Rule 8's consequence for unchecked admissions applies only to liability. Fed. R. Civ. P. 8(b)(6). It is Plaintiff's burden to "establish the extent of damages." *Antoine v Atlas Turner, Inc.*, 66 F.3d 105, 100 (6th Cir. 1995). The Court "must

4

conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *DT Fashion, LLC v. Cline*, No. 2:16-cv-542268, 2018 WL 542268, at *2 (S.D. Ohio Jan. 24, 2018) (quotation omitted) (cleaned up).

      **A.**      **Damages**

Under the terms of the CBA and Trust Agreement, Plaintiff is empowered to collect delinquent contributions, "including interest thereon and all costs incurred in affecting said collection, including reasonable attorney's fees" by "[commencing] legal proceedings in the name of the Trust Fund." Doc. No. 1-4 at PageID 39.  The Trust Agreement includes a formula to determine the extent of Defendant's delinquent contributions. *Id.*  To calculate the number of hours for which delinquent contributions are owed, the Trust Agreement explains that the highest number of reported hours from the last twelve reports should be multiplied by ten percent. *Id.* at PageID 40.  This number of hours is then multiplied by the per hour contribution rate specified by the CBA.  Doc. No. 1-3 at PageID 20.  Further, under ERISA, Defendant is liable for liquidated damages in the amount of 20% of the unpaid contributions, plus interest.  29 U.S.C. § 1132(g).  Finally, Plaintiff must be awarded costs and reasonable attorney's fees related to this matter.  29 U.S.C. § 1132(g)(2).

      **1.**      **Delinquent Contributions, Liquidated Damages, and Interest**

Plaintiff seeks $694,531.72 in damages and interest from Defendant.  Doc. No. 1 at PageID 6.  It alleges that Defendant owes contributions for 5,051 hours per month for the 21 months it failed to make a contribution.  Doc. No. 7-4 at PageID 92.  Plaintiff multiples this figure by $5.27 (the per hour contribution rate specified in the CBA and Trust Agreement) for a delinquent contribution amount of $558,994.17.  *Id.*

Plaintiff then applies a 3.54% interest rate to this damages figure. *Id.*[1] "The determination of the prejudgment interest rate is within the sound discretion of the district court." *Pfenning v. Liberty Life Assurance Co. of Boston*, 282 F. Supp. 3d 1027, 1033 (S.D. Ohio 2017) (citing *Ford v. Uniroyal Pension Plan*, 154 F.3d 613, 619 (6th Cir. 1998)) "The award of interest must not be punitive in nature, but rather should compensate the affected participants for lost interest they could have earned if the money had not been improperly withheld." *Cage v. Gen. Motors Defined Ben. Salaried Plan*, 98 F. Supp. 2d 803, 810 (E.D. Mich. 1999) (citing *Ford*, 154 F.3d at 619).

The Court finds Plaintiff's proposed interest rate to be reasonable. *See Pfenning*, 282 F. Supp. 3d at 1033 ("[U]tilization of an interest rate that is either excessive or inadequate frustrates ERISA's remedial scheme").  Under Ohio law, prejudgment interest is computed by taking the federal short-term interest rate in July of a given year, "round[ing] to the nearest whole number per cent," and adding 3%. Ohio Rev. Code §§ 1343.03(B), 5703.47(A); *see also Ford*, 154 F.3d at 619 (observing that a district court may look to state law for a prejudgment interest formula or rely on the post-judgment interest framework set forth in 28 U.S.C. § 1961).  For the three years Defendant failed to make contributions (2018–2020), the relevant federal short-term interest rates were 2.36%, 2.11%, and 0.18%, respectively.  Rev. Rul. 2018-19, 2018-27 I.R.B. 1; Rev. Rul. 2019-16, 2019-28 I.R.B. 96; Rev. Rul. 2020-14, 2020-28 I.R.B. 33.  After adding 3% to each rounded figure, the average prejudgment interest rate was 4.33%.  Therefore, Plaintiff's proposed 3.54% interest rate is neither excessive, inadequate, nor contrary to ERISA's remedial goals.

---

[1] Plaintiff did not identify the interest rate it applied, and the CBA and Trust Agreement are silent on a standard prejudgment interest rate.  Doc. No. 1 at PageID 6; Doc. No. 1-3 at PageID 20; Doc. No. 1-4 at PageID 39; Doc. No. 7-4 at PageID 90–93.  But, after subtracting Plaintiff's delinquent contribution calculation ($558,994.17)—less liquidated damages, attorney fees, and costs—from its total damages request ($694,531.72) and cross-multiplying, the Court finds Plaintiff assessed a 3.54% interest rate on Defendant's unpaid contributions.

Once liquidated damages of $111,798.83 are added, Defendant is liable for $694,531.72. *See Mich. Carpenters Council Health & Welfare Fund v. C.J. Rogers Inc.*, 933 F.2d 376, 388 (6th Cir. 1991) ("The language of Section 1132(g) is mandatory, and once the provision applies, the district court must award liquidated damages").

Accordingly, the Court adopts Plaintiff's damages calculation as reasonably certain, *Cline*, 2018 WL 542268, at *2, and **AWARDS** Plaintiff **$694,531.72** in damages and interest.

### 2. Attorney's Fees and Costs

Plaintiff requests $2,577.10 in attorney fees and $636.32 in costs. Doc. No. 7-3 at PageID 89. Under 29 U.S.C. § 1132(g)(2), "the award of reasonable attorney fees is mandatory where a fiduciary has sued successfully to enforce an employer's obligation to make contributions to a multi-employer plan." *Foltice v. Guardsman Prods., Inc.*, 98 F.3d 933, 936 (6th Cir. 1996). While 29 U.S.C. § 1132(g)(2) does not define "reasonable attorney's fees," the lodestar method—"the reasonable number of hours billed [multiplied] by a reasonable billing rate," *Paschal v. Flagstar Bank*, 297 F.3d 431, 434 (6th Cir. 2002)—provides suitable guidance. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

Plaintiff's counsel and their paralegal billed 11.8 hours to this matter. Doc. No. 7-3 at PageID 87–89. They charged hourly rates of $339, $200, and $139, respectively. *Id.* Considering Defendant's failure to object or otherwise respond, the court finds that Plaintiff's counsel and paralegal spent a reasonable amount of time on this matter. *Id.*

Plaintiff's counsel's fee request is reasonable. "A district court is permitted to 'rely on a party's submissions, awards in an analogous case, state bar association guidelines, and its own knowledge and experience in handling similar fee requests.'" *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 821–22 (6th Cir. 2013) (quoting *Van Horn v. Nationwide Prop. & Cas. Ins. Co.*, 436 F. App'x 496, 499 (6th Cir 2011)). Plaintiff's counsel's fee request is consistent with awards

7

in analogous cases. *See, e.g.*, *Bd. of Trs. of Ohio Laborers' Fringe Benefits Programs v. Dan Ray Constr.*, No. 2:17-cv-180, 2018 WL 2435184, at *2 (S.D. Ohio May 30, 2018) (awarding $1,540 in attorney's fees for 5.5 hours billed).

Finally, Plaintiff seeks $636.32 in costs. Doc. No. 7-3 at PageID 89. Because Defendant failed to object or otherwise respond, this Court finds the request reasonable. Therefore, the Court **AWARDS** Plaintiff $3,213.42 in attorney's fees and costs.

### B.     Audit

Under the terms of the Trust Agreement, Defendant must submit to an audit of its financial records by Plaintiff within 10 days of its request. Doc. No. 1-4 at PageID 39–40. Defendant—by failing to timely contest Plaintiff's allegations—admits it is in breach of this provision. Doc. No. 1 at PageID 4–5; Fed. R. Civ. P. 8(b)(6). Accordingly, this Court **ORDERS** Defendant to submit its financial records to Plaintiff for an audit. 29 U.S.C. § 1132(g)(E) (authorizing "such other legal or equitable relief as the court deems appropriate"). Defendant **SHALL DISCLOSE** to Plaintiff all necessary financial records within 10 days from the date of this Order.

### IV.

For the foregoing reasons, the Court hereby: (1) **GRANTS** Plaintiff's Motion for a default judgment (Doc. No. 7); (2) **AWARDS** it (a) **$694,531.72** in damages and interest and (b) **$3,213.42** in reasonable attorney's fees and costs; and (3) **ORDERS** Defendant within 10 days of the Court's Order to submit its financial records to Plaintiff for an audit. The Clerk is ordered to enter judgment accordingly and to **TERMINATE** this case on the docket.

**IT IS SO ORDERED.**

Date:   April 11, 2022                                        s/Michael J. Newman
                                                                                  Hon. Michael J. Newman
                                                                                  United States District Judge