UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

BOARD OF TRUSTEES OF THE
SOUTHERN OHIO PAINTERS
HEALTH & WELFARE FUND,

    Plaintiff,

vs.

SIXTH REGION REMODELING, LLC,

    Defendant.

Case No. 3:21-cv-300

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

---

**ORDER: (1) GRANTING DEFENDANT'S MOTION TO VACATE DEFAULT JUDGMENT (Doc. No. 12); (2) VACATING THE COURT'S ORDER GRANTING DEFAULT JUDGMENT (Doc. No. 9); AND (3) DENYING AS MOOT DEFENDANT'S REQUEST TO STAY ENFORCEMENT OF THE JUDGMENT**

---

This civil case is before the Court on Defendant Sixth Region Remodeling, LLC's ("Sixth Region") Fed. R. Civ. P. 60(b) motion to vacate (Doc. No. 12) the default judgment that this Court entered against it on April 11, 2022 (Doc. No. 9). Plaintiff sued Sixth Region under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(g)(2)(E), and the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, to recover unpaid contributions from, and conduct an audit on, Sixth Region pursuant to the parties' collective-bargaining agreement ("CBA"). Doc. No. 1 at PageID 3–7; Doc. No. 1-3. Plaintiff issued a response to the motion to vacate (Doc. No. 17), and—after Sixth Region did not reply—this matter became ripe for review.

**I.**

The Court incorporates by reference the facts as set forth in the Order granting Plaintiff's motion for a default judgment. *Bd. of Trs. of S. Ohio Painters Health & Welfare Fund v. Sixth Region Remodeling, LLC*, No. 3:21-cv-300, 2022 WL 1085166, at *1 (S.D. Ohio Apr. 11, 2022).

### A. Events Prior to the Present Motion

Plaintiff is a fiduciary of a benefit trust created and administered on behalf of members of local unions affiliated with the International Union of Painters and Associated Trades ("IUPAT"). Doc. No. 1 at PageID 2. The trust fund is administered through a Trust Agreement. Doc. No. 1-4 at PageID 29–68. Plaintiff is empowered by the Trust Agreement to "demand, collect, and receive Employer Contributions to the trust fund." *Id.* at PageID 39.

Sixth Region, an employer that Plaintiff alleges hires IUPAT employees, and IUPAT are parties to a CBA. Doc 1-3 at PageID 11–28. The CBA requires Sixth Region to contribute to a fringe benefit fund (the "Fund"). *Id.* at PageID 20. Sixth Region has a statutory obligation to "make such contributions in accordance with the terms and conditions of [the CBA]." 29 U.S.C. § 1145. Further, Plaintiff may require Sixth Region, upon request and within ten days, to submit its financial records for an audit. Doc. No. 1-4 at PageID 39–40. Plaintiff's complaint seeks to recoup certain allegedly delinquent unpaid contributions from Sixth Region and asks this Court to order Sixth Region to submit its financial records to Plaintiff for an audit. Doc. No. 1 at PageID 6.

Sixth Region's two principals are Miguel Veliz-Becerra ("Miguel") and Karla Del-Campo Barria ("Karla"), a husband and wife from Chile. Doc. No. 12-1 at PageID 122. Both "do not speak English well or understand everything said to [them]." *Id.* Sixth Region's counsel has sworn in an uncontradicted affidavit that he "find[s] it challenging to understand [Karla] and often ha[s] to ask her to repeat herself when [they] talk." Doc. No. 12-2 at PageID 124. When counsel talks to her, he must "speak more slowly than [he] normally do[es] and [is] more mindful than usual about breaking down legal issues into as simple format [he] can." *Id.* Likewise, Karla must translate for Miguel—from English to Spanish—Sixth Region's counsel's advice to her. *Id.* Neither Karla nor Miguel hired counsel to represent them when forming Sixth Region. Doc. No.

12-1 at PageID 122.

Plaintiff, through an uncontradicted affidavit from its counsel, sent two demand letters on May 27 and June 10, 2021 to Sixth Region's statutory agent at his address of record: 2734 Drake Road, Columbus, Ohio 43219.  Doc. No. 4 at PageID 74; Doc. No. 9 at PageID 101; Doc. No. 17-1 at PageID 198.  Plaintiff initiated this case on November 2, 2021 and served Sixth Region on November 12, 2021 through certified mail to that same address.  Doc. No. 4; Doc. No. 5 at PageID 75–76; Doc. No. 7 at PageID 80; Doc. No. 7-1 at PageID 82; Doc. No. 9 at PageID 98–99.  In her affidavit, Karla states that she "looked at the complaint and summons that [she was] told were sent to [their] home at 2726 Drake Road in Columbus, Ohio, in November 2021" but she does "not remember seeing these papers, and [does] not remember signing a receipt, and [she] know[s] Miguel did not receive these papers."  Doc. No. 12-1 at PageID 122.[1]  Sixth Region never responded to Plaintiff's complaint within the time to do so, prompting Plaintiff to seek default, which the Clerk of Courts entered on December 22, 2021.  Doc. Nos. 7, 8.

On April 11, 2022, after the Clerk of Courts entered Sixth Region's default in the record (Doc. No. 8), this Court entered a default judgment for Plaintiff.  Doc. No. 9.  It: (1) awarded $694,531.72 in damages and interest, and $3,213.42 in reasonable attorney's fees and costs; (2) ordered Defendant to submit its financial records within ten days of the issuance of the Order for an audit; and (3) terminated the case on the docket.  *Id.* at PageID 105.  In calculating damages,

---

[1] Although Karla states that she does not recall being served at "2726 Drake Road," and does not mention "2734 Drake Road," the Court's review—using GPS monitoring available on Google Maps—of the addresses at issue reveals that both are located on the same property and adjacent to one another.  *See, e.g.*, *United States v. Burroughs*, 810 F.3d 833, 835 n.1 (D.C. Cir. 2016) (taking judicial notice of Google Maps due to its accuracy); *Pahls v. Thomas*, 718 F.3d 1210, 1216 n.1 (10th Cir. 2013) (collecting cases that use Google Maps to take judicial notice of geographical information that is not disputed or consequential to the case).  However, as explained below, this has no bearing on the case.  *See supra* Part III(A).

3

this Court relied on a formula in the Trust Agreement, which calculated the number of hours for which delinquent contributions are owed. *Id.* at PageID 102.

The Trust Agreement first explained that the highest number of reported hours from the last twelve reports should be multiplied by ten percent. *Id.* Plaintiff alleged that Defendant owed contributions for 5,051 hours per month for the 21 months it allegedly failed to contribute. *Id.* That total number of hours (106,071) multiplied by the $5.27 per hour rate specified in the CBA and Trust Agreement resulted in $557,994.17. *Id.* The Court then applied Plaintiff's requested interest rate of 3.54%—finding it reasonable under Sixth Circuit precedent—and awarded liquidated damages specified under ERISA. *Id.* at PageID 103–04.

That same day (April 11, 2022), Plaintiff sent another letter to 2734 Drake Road, this time attaching this Court's Order and requesting that Sixth Region submit its documents for the audit and pay the damages awarded under the Order. Doc. No. 17-3 at PageID 202. Karla responded and had a phone call with Plaintiff's counsel on June 1, 2022. Doc. No. 17-4 at PageID 211. In a follow up email written in English that day, Plaintiff's counsel informed Karla how to comply with the audit and to whom to send the financial documents. *Id.* Karla responded, "Thank you. I'll start working on it[.]" *Id.* However, the date on the email documenting Karla's response was written in Spanish. *Id.* (stating "El mar, 31 may 2022 a las 11:32 . . . escribió"). When Sixth Region did not provide the required financial documentation for the audit, Plaintiff's counsel emailed Karla on August 11, 2022 to reiterate Plaintiff's demand. Doc. No. 17-5 at PageID 213.

On August 22, 2022, Sixth Region hired counsel. Doc. No. 12-2 at PageID 124. The following day, Sixth Region's counsel emailed Plaintiff's counsel, seeking a settlement. Doc. No. 12-3 at PageID 127. Notably, Sixth Region's counsel informed Plaintiff's counsel that "English is a second language for the principals of Sixth Region" and "based on conversations they had

4

with someone at IUTAP . . . , they mistakenly believed they did not have to respond to the complaint." *Id.* To remedy this, and facilitate further negotiations, Sixth Region's counsel requested that Plaintiff agree to vacate the default judgment. *Id.*

Sixth Region's counsel, on September 8, 2022, further explained to Plaintiff how an IUTAP employee—who was responsible for collecting contributions owed to the Fund—purportedly misled Karla. *Id.* at PageID 130. When Karla presented the IUTAP employee with a copy of the default judgment, the employee responded, "Disregard," via text. *Id.*

Meanwhile, Plaintiff moved for a debtor's examination in the Franklin County, Ohio Court of Common Pleas, which scheduled it for November 18, 2022. Doc. No. 17-6 at PageID 215. The state court sent a subpoena to 1468 Dove Drive, Columbus, Ohio 43219 on November 3, 2022. *See id.* Throughout September and October 2022, Plaintiff and Sixth Region continued negotiations. *See* Doc. No. 12-3. In an email exchange with Plaintiff's counsel, on November 16, 2022, Sixth Region's counsel alleged that the subpoena sent to the Dove Drive address—apparently, an address in which neither Karla nor Miguel worked—never reached Sixth Region or its principals. Doc. No. 17-8 at PageID 221–22. Thus, neither Karla nor Miguel appeared for the debtor's examination in state court on November 18, 2022. *Id.*

### B. The Present Motion

Sixth Region moves in this Court to vacate the default judgment under Rule 60(b). Doc. No. 12. It primarily relies on Karla and Miguel's inexperience with English and unfamiliarity with legal proceedings. *See id.* at PageID 113–17. Additionally, Sixth Region contends that there is a genuine dispute in this case—how much money it owes Plaintiff under the CBA—and reopening this litigation would not prejudice Plaintiff. *Id.* at PageID 117–20. Sixth Region requests this Court to stay enforcement of the judgment against it pursuant to Fed. R. Civ. P. 62(b) and pending the Rule 60(b) motion. *Id.* at PageID 120–21. Plaintiff opposes each argument (*See* Doc. No. 17),

5

and the Court will consider the parties' respective positions below.

## II.

"Federal Rule of Civil Procedure 60(b) permits 'a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances.'" *Kemp v. United States*, --- U.S. ---, 142 S. Ct. 1856, 1861 (2022) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005)). A district court may reopen a case after granting default judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1); *see also United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002). "Rule 60(b)(1) applies 'in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order.'" *Fabian v. Tillotson*, 343 F.R.D. 55, 58 (S.D. Ohio 2022) (quoting *Reyes*, 307 F.3d at 455). "Courts apply Rule 60(b)(1) 'equitably and liberally . . . to achieve substantial justice.'" *Burrell v. Henderson*, 434 F.3d 826, 832 (6th Cir. 2006) (alteration in original) (quoting *Williams v. Meyer*, 346 F.3d 607, 613 (6th Cir. 2003)).

The Sixth Circuit has enunciated a two-part test when considering whether to vacate a default judgment on Rule 60(b) grounds. First, the movant "must . . . prove that the default was due to" mistake, inadvertence, or excusable neglect under Rule 60(b)(1) and not his or her own culpability. *Burrell*, 434 F.3d at 832 (citing *Williams*, 346 F.3d at 613). Second, if the movant succeeds in showing this, then the Court weighs that justification against two other equitable factors: (1) whether the defendant has a meritorious defense, and (2) whether the plaintiff will suffer prejudice. *See id.* at 831–33; *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992). "Where default results from an honest mistake 'rather than willful misconduct, carelessness or negligence' there is especial need to apply Rule 60(b) liberally." *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983) (quoting *Ellingsworth v. Chrysler*, 665 F.2d 180, 185 (7th Cir. 1981)).

6

### III.

The Court finds that Sixth Region has met its burden to vacate the default judgment. First, Sixth Region's principals' poor understanding of the English language, coupled with evidence in the record demonstrating that Plaintiff's agents may have misled them, qualifies as excusable neglect. Second, Sixth Region establishes some possibility that the outcome here, *i.e.*, how much it would owe Plaintiff, could change after trial. Third, Plaintiff has not shown prejudice, as granting the motion will neither encourage other litigants to ignore default judgments in other cases nor inconvenience the Court. Finally, because the Court will vacate the default judgment, Sixth Region's request to stay enforcement of the judgment is moot.

### A. Mistake, Inadvertence, or Excusable Neglect

A movant is culpable for the default, and not entitled to relief under Rule 60(b)(1), where his or her "conduct . . . display[s] either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Amernational Indus., Inc. v. Action-Tungsram, Inc.*, 925 F.2d 970, 978 (6th Cir. 1991) (quoting *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 399 (6th Cir. 1987)). "[T]he determination of whether neglect is excusable takes into account the length and reasons for the delay, the impact on the case and judicial proceedings, and whether the movant requesting relief has acted in good faith." *Burrell*, 434 F.3d at 832 (citing *Burnley v. Bosch Arms Corp.*, 75 F. App'x 329, 333 (6th Cir. 2003)). "'[E]xcusable neglect' will not be found in every case in which an unrepresented defendant fails to adequately respond to a complaint and a default judgment is entered against [him or her]." *Id.* at 834.

The record in the present case reveals that Sixth Region committed excusable neglect. The affidavits establish that Karla and Miguel are not proficient in the English language, so they credibly demonstrate that they did not recognize their obligation to respond to the complaint at a

7

time when they were proceeding *pro se* and without counsel.² Doc. No. 12-2 at PageID 124; *see, e.g.*, *Marshall v. Monroe & Sons, Inc.*, 615 F.2d 1156, 1160–61 (6th Cir. 1980) (crediting *pro se* defendant's allegations that he misunderstood procedural requirements in responding to the complaint). Although Plaintiff contends that Karla's response in English via the email undermines this assertion, the single line in English in the email does not weigh against her credible, mostly unchallenged testimony. *See* Doc. No. 17-4 at PageID 211. For instance, although Karla's response is in English, the listed date is in Spanish, so the Court cannot assume that Karla is well-versed or fluent in English. *Id.* Further, evidence in the record demonstrates that an IUPAT employee responsible for collecting financial contributions for the Fund misinformed Karla that Sixth Region did not have to respond to the default judgment. Doc. No. 12-3 at PageID 127–30; *see Meaux Servs., Inc. v. Dong Dao*, 160 F.R.D. 563, 564–65 (S.D. Tex. 1995) (vacating default judgment where defendant knew little English and alleged that the plaintiff's agents informed him that he did not have to respond to the complaint). This weighs in Sixth Region's favor, showing that its principals were led astray. *See* Doc. No. 12-3 at PageID 127–30; *Meaux Servs.*, 160 F.R.D. at 564–65. This unique scenario—when considered with the Sixth Circuit's preference to resolve cases on the merits, *see Burrell*, 434 F.3d at 832—constitutes excusable neglect.

### B. Meritorious Defense

Turning to the next factor, a plaintiff has a "meritorious defense" where "there is *some*

---

² The Court recognizes that a limited liability company "cannot appear [in court proceedings] except through counsel." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 132 (2d Cir. 2011); *see also Hooper-Haas v. Ziegler Holdings, LLC*, 690 F.3d 39, 39 n.3 (1st Cir. 2012); *United States v. Hagerman*, 545 F.3d 579, 581–82 (7th Cir. 2008). However, that does not affect the result for several reasons. First, Sixth Region is now proceeding through counsel, so it is not proceeding *pro se*. Second, the fact that Karla and Miguel did not have counsel when they were responding to the default judgment just goes to the justification that they demonstrated excusable neglect. At that time, they did not appear in court proceedings without counsel, so this doctrine is inapplicable to the instant case. Additionally, the Court wonders whether the misstatement—about the need to respond to the complaint—may have motivated Sixth Region's principals not to obtain counsel. *Cf. Meaux Servs.*, 160 F.R.D. at 564–65.

*possibility* that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Williams*, 346 F.3d at 614 (emphasis in original) (quoting *INVST*, 815 F.2d at 398–99). "If a defense is 'good at law,' regardless of the likelihood of success, it will be considered meritorious." *Burrell*, 434 F.3d at 834 (quoting *United Coin Meter*, 705 F.2d at 845).

Such is the case here. Sixth Region disputes the amount owed. To do so, it relies on Karla's affidavit—that Sixth Region did not employ union workers in 2018 or the first half of 2019. Doc. No. 12-1 at PageID 123. This would reduce the amount owed under the CBA to $57,443, when accounting for a rate of $25 per hour for each worker; 10,900 hours worked for 21 months, rather than 106,071 hours; and Sixth Region paying only $272,500 to the union workers employed. *See, e.g.*, Doc. No. 12-1 at PageID 123. Although Plaintiff claims that Sixth Region lacks financial documentation to verify that Sixth Region did not employ union workers for this period, *see* Doc. No. 17 at PageID 193, any evidentiary dispute is better resolved through discovery, rather than on a Rule 60(b)(1) motion. *See, e.g.*, *OneMD-Louisville PLLC, LLC v. Digit. Med, LLC*, No. 3:19-CV-468, 2020 WL 2461885, at *7 (W.D. Ky. May 12, 2020) ("While a conclusive finding . . . may require discovery, for the purposes of the instant motion, the Court finds that Defendant demonstrates a meritorious defense"); *cf. United Coin Meter*, 705 F.2d 846 ("Any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits" (citations omitted)). Moreover, a genuine dispute over the amount Sixth Region owes Plaintiff raises "some possibility" that the damages awarded at trial would differ from the amount this Court awarded in the default judgment. *Williams*, 346 F.3d at 614; *see also Key Bank of Me. v. Tablecloth Textile Co. Corp.*, 74 F.3d 349, 354–55 (1st Cir. 1996) (recognizing that dispute as to damage amount was a meritorious defense for a Rule 60(b) motion); *cf. NuMed Rehab., Inc. v. TNS Nursing Homes of Pa., Inc.*, 187 F.R.D. 222, 224 (E.D. Pa. 1999).

Thus, Sixth Region has raised a potentially meritorious defense as to damages.

### C. Prejudice to Plaintiff

To demonstrate prejudice that would defeat a Rule 60(b)(1) motion, "[m]ere delay" in resolving Plaintiff's claims is not enough. *United Coin Meter*, 705 F.2d at 845; *see also Burrell*, 434 F.3d at 835. Plaintiff "would have to show that the delay would result in a loss of evidence, increased opportunities for fraud, or discovery difficulties." *Burrell*, 434 F.3d at 835 (citing *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990)).

Plaintiff asserts that it will incur prejudice if the Court grants the Rule 60(b)(1) motion because it would "set a bad precedent," *i.e.*, encourage other participants in the Fund to shirk their obligations to comply with their Trust Agreements; refuse to comply with financial audits; and keep inaccurate financial records. Doc. No. 17 at PageID 195. Plaintiff further contends that granting the motion—and hearing this case on the merits—would waste the Court's time and resources. *Id.*

Neither contention withstands scrutiny. First, "excusing [Sixth Region's] tardiness in this case will not undermine the efficient operation of [ERISA and LMRA litigation]." *United States v. $22,050,00 U.S. Currency*, 595 F.3d 318, 325 (6th Cir. 2010) (rejecting the government's argument that "setting aside default . . . would create bad precedent" because the record did not show the claimant intentionally refused to respond or an unreasonable delay). Not every court will grant every late litigant's Rule 60(b) motion, so Plaintiff's exaggeration does not show prejudice. *See id.* Second, the parties' arguments—about increased costs to litigants and the court system in defending and adjudicating a reopened default judgment—"do[] not make intuitive sense" when attempting "to establish prejudice. Setting aside default will *always* increase litigation cost to the plaintiff because the plaintiff will actually have to litigate the case." *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 842 (6th Cir. 2011) (emphasis in original) (quoting *$22,050,00 U.S.*

10

*Currency*, 595 F.3d at 325). More importantly, as to Plaintiff's argument that reopening default judgment will inconvenience the Court, the question is "[w]hether *the plaintiff* will be prejudiced"—not the Court. *United Coin Meter*, 705 F.2d at 845 (emphasis added). Any possible inconvenience for the Court does not establish prejudice to Plaintiff. In sum, all factors favor granting Sixth Region's motion and vacating the default judgment.

### D. Staying Enforcement of Judgment

Under Fed. R. Civ. P. 62(b), "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security." "Rule 62(b) allows a court to stay the execution of a judgment in the short term if a post-judgment motion is pending under, among others, Rules 59 or 60." *Mich. Dep't of Env't Quality v. City of Flint*, 296 F. Supp. 3d 842, 847 (E.D. Mich. 2017). Because the Court will grant Sixth Region's motion to vacate the default judgment, Sixth's Region request to stay enforcement of that judgment is moot.

### IV.

For the reasons stated, the Court: (1) **GRANTS** Sixth Region's motion to vacate the default judgment (Doc. No. 12); (2) **VACATES** the Order granting Plaintiff's motion for a default judgment (Doc. No. 9); and (3) **DENIES AS MOOT** Sixth Region's request to stay enforcement of the judgment. An order requiring the parties to meet and confer, under Rule 26, shall issue by separate entry.

**IT IS SO ORDERED.**

  May 8, 2023                                                  s/Michael J. Newman
                                                                  Hon. Michael J. Newman
                                                                  United States District Judge