UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

BOARD OF TRUSTEES
OF THE SOUTHERN OHIO
PAINTERS HEALTH &
WELFARE FUND,

    Plaintiff,

vs.

SIXTH REGION REMODELING,
LLC, *et al.*,

    Defendants.

Case No. 3:21-cv-300

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

_____

**ORDER: (1) DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 45); (2) DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. No. 48); (3) REOPENING DISCOVERY UNTIL NOVEMBER 17, 2025; (4) REFERRING THIS CASE TO MAGISTRATE JUDGE PETER B. SILVAIN, JR. TO SUPERVISE DISCOVERY; (5) EXTENDING THE PARTIES' DEADLINE TO FILE DISPOSITIVE MOTIONS UNTIL DECEMBER 17, 2025; AND (6) DENYING AS MOOT DEFENDANTS' MOTION TO STRIKE THE DECLARATIONS OF PAUL FULLERMAN AND KATE BURCH (Doc. No. 50)**

_____

    Plaintiff Board of Trustees of the Southern Ohio Painters Health & Welfare Fund sued Defendant Sixth Region Remodeling, LLC ("Sixth Region") under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132, and the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, to recover unpaid contributions from, and conduct an audit on, Sixth Region pursuant to the parties' collective bargaining agreement.  Doc. No. 36 at PageID 378-82.  Plaintiff also asserts a claim against GMCR Construction, LLC ("GMCR Construction").  *Id.* at PageID 382-83.  According to Plaintiff, GMCR Construction is an alter ego of Sixth Region and is therefore liable for any damages owed by Sixth Region to Plaintiff.  *Id.*

    The case is before the Court upon Plaintiff's motion for summary judgment (Doc. Nos. 45, 45-1), Defendants' memorandum in opposition (Doc. No. 49), and Plaintiff's reply (Doc. No. 53).  Also pending

is Defendants' cross motion for summary judgment (Doc. Nos. 48, 49), Plaintiff's memorandum in opposition (Doc. No. 53), and Defendants' reply (Doc. No. 54). Finally, Defendants moved to strike the declarations of Paul Fullerman and Katie Burch. Doc. No. 50. Plaintiff has responded (Doc. No. 52), and Defendants have replied (Doc. No. 55). Thus, these motions are ripe for review.

## I.

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that no genuine issue of material fact is present, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The burden is on the moving party to conclusively show no genuine issue of material fact exists. *Celotex*, 477 U.S. at 323; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). The moving party must either point to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials" or show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *See* Fed. R. Civ. P. 56(c)(1)(A) and (B).

A court considering a motion for summary judgment must view the facts and all inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, "[t]he non-moving party … may not rest upon [its] mere allegations or denials of the adverse party's pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial." *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009) (citations omitted). "[T]here is no duty imposed upon the trial court to 'search the entire record to establish that it is bereft of a genuine issue of material fact.'" *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 404 (6th Cir. 1992) (citations omitted). Instead, "the free-ranging search for supporting facts is a task for which attorneys in the case are equipped and for which courts generally are not." *Id.* at 406.

The Court's standard of review does not change when the parties file cross motions for summary judgment. *See Taft Broad. Co. v. United States*, 929 F.2d 240, 248 (6th Cir. 1991). "Rather, the court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration." *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994) (quoting *Taft Broad. Co.*, 929 F.2d at 248).

## II.

The Court, after fully and carefully reviewing the record, finds there are genuine disputes of material fact regarding all claims that cannot be resolved on summary judgment. The Court shall not enter "the jury box to consider the credibility of witnesses and evidence in resolving conflicts of material fact in disposing of the summary judgment motion[s]" here, considering that the trier of fact has the best vantage point to decide these issues. *Flynt v. Brownfield, Bowen & Bally*, 882 F.2d 1048, 1053 (6th Cir. 1989) (Krupansky, J., dissenting). Among other disputed facts, a genuine dispute exists concerning Sixth Region's and GMCR Construction's contribution obligations to Plaintiff, thus foreclosing summary judgment in either parties' favor. *See Trs. of Sheet Metal Workers Loc. 7 Zone 1 Pension Fund v. Pro Servs., Inc.*, 65 F.4th 841, 850–51 (6th Cir. 2023) (genuine dispute of facts concerning the amount of performed work covered by the collective bargaining agreement barred summary judgment); *Trs. of Abatement Workers Reg'l Loc. Union No. 207 Health & Welfare Fund v. Northwest Firestop, Inc.*, No. 11-cv-13982, 2013 WL 2033622 at *7-8 (E.D. Mich. May 14, 2013) (declining to grant summary judgment based on an audit which may have erroneously included employees and hours); *Trs. of Painters Union Deposit Fund v. L&R Painting, LLC*, No. 21-11780, 2024 WL 4341340, at *7 (E.D. Mich. Sept. 27, 2024) (finding that "[b]ecause the evidence as to defendants' alter ego status is not so one-sided that one party should prevail as a matter of law, a trier of fact must decide the issue of whether defendants are alter egos of each other").

There are also several discovery issues present in the parties' motions for summary judgment. The Court believes the efficient and appropriate way forward is to reopen discovery to give the parties a chance

to address their remaining concerns.  Doing so will not significantly increase the cost of litigation nor prejudice the parties' ability to seek summary judgment again.  *Cf.* Fed. R. Civ. P. 1 (The Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding").  The Court is also amenable to appointing a Court auditor/special master to conduct an audit of Sixth Region's records at the parties' request.

### III.

For the reasons stated herein, the parties' cross motions for summary judgment are both **DENIED WITHOUT PREJUDICE**.  The Court **REOPENS** discovery until **November 17, 2025** and **REFERS** this case to Magistrate Judge Peter B. Silvain, Jr. to supervise discovery during that period.  The Court also **EXTENDS** the parties' deadline to file dispositive motions until **December 17, 2025**.  Given the Court's rulings, the Court **DENIES AS MOOT** Defendants' motion to strike the declarations of Paul Fullerman and Kate Burch.

**IT IS SO ORDERED.**

  August 19, 2025                                           s/*Michael J. Newman*
                                                                                      Hon. Michael J. Newman
                                                                                      United States District Judge